IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHUCK MCRAE;
MCRAE LAW FIRM, PLLC;
OLIVER DIAZ, JR.; and
OLIVER DIAZ LAW FIRM, LLC                                    PLAINTIFFS

V.                                       CIVIL ACTION NO. 3:16cv757 DPJ-FKB

PAUL S. MINOR; ESTATE OF SYLVIA MINOR;
PAUL STEPHEN MINOR, individually and in his
representative capacity as Co-Executor of the Estate of
Sylvia Minor; KATHRYN MINOR, individually and in her
representative capacity as Co-Executor of the Estate of
Sylvia Minor                                                 DEFENDANTS

## COMPLAINT

### Jury Trial Demanded

**COME NOW** Chuck McRae, McRae Law Firm, PLLC, Oliver Diaz, Jr., and Oliver Diaz Law Firm, LLC and file this Complaint against Paul S. Minor ("Minor"); the Estate of Sylvia Minor ("Estate"), Paul Stephen Minor ("Stephen"), individually and as Co-Executor of the Estate of Sylvia Minor; and Kathryn Minor ("Kathryn"), individually and as Co-Executor of the Estate of Sylvia Minor.

### A. PARTIES

1.  Plaintiff, Chuck McRae ("McRae"), is an adult resident citizen of the State of Mississippi, Hinds County.

2.  The McRae Law Firm, PLLC ("McRae Law Firm") is a Mississippi Professional Limited Liability Company organized under the laws of the State of Mississippi with its principal place of business in Hinds County, Mississippi.

3.      Plaintiff, Oliver Diaz, Jr., ("Diaz") is an adult resident citizen of the State of Mississippi, Madison County.

4.      Plaintiff, Oliver Diaz Law Firm, LLC ("Diaz Law Firm") is a Mississippi Professional Limited Liability Company organized under the laws of the State of Mississippi with its principal place of business in Hinds County, Mississippi.

5.      Defendant, Paul S. Minor ("Minor"), is an adult resident citizen of the State of Louisiana, and may be served with process at 1523 Nashville Avenue, New Orleans, Louisiana, 70115.

6.      Defendant, Paul Stephen Minor ("Stephen"), is an adult resident citizen of the State of Connecticut, and may be served with process at 119 Oneida Drive, Greenwich, Connecticut, 06830.

7.      Defendant, Kathryn Minor ("Kathryn"), is an adult resident citizen of the District of Columbia, and may be served with process at 1323 28th Street, NW, Washington, D.C., 20007.

## B. JURISDICTION

8.      This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, excluding interest and costs.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this cause of action involves services provided in this district and in this Court.

## C. FACTS COMMON TO ALL PLAINTIFFS

10.     At some point in time, between October, 2010, and November, 2010, Defendant Minor requested that Plaintiffs provide legal representation for him and the co-executors in a

civil lawsuit which had been filed in the Circuit Court of Jackson County, Mississippi styled *Paul S. Minor and Estate of Sylvia F. Minor vs. United Services Automobile Association*; Cause No. 2008-00204 ("USAA Case").

11. Plaintiffs were informed that another attorney, Gerald Maples[1], had filed the case; however, Minor wanted to terminate his services and replace him with Plaintiffs as counsel on the case.

12. Defendants agreed to pay Plaintiffs in exchange for legal representation. Plaintiffs entered into a verbal contract with Defendants whereby Plaintiffs would provide legal representation in exchange for 35% of the gross recovery, plus costs. No written contract exists.

13. Defendants represented that they would pay Gerald Maples 10% of the gross recovery plus costs at the end of the trial in exchange for the legal services that he had provided up to the time that Plaintiffs were hired.

14. Plaintiffs accepted Defendants' offer and understood that Maples would share 45% of the gross recovery plus costs, with Maples receiving 10% of the attorneys' fees.

15. On November 22, 2010, Plaintiffs filed their Notices of Appearance in the case in the Circuit Court of Jackson County, Mississippi in the case. *See* Exhibits "A" and "B." From this time forward, Plaintiffs diligently, zealously, and effectively provided legal representation in litigating the lawsuit.

16. The trial began on September 9, 2013 and ended on September 20, 2013.

17. During the first few days of the trial, USAA tendered $71,864.23 to the Defendants as payment for portions of the claims against them.

18. On September 20, 2013, the jury entered a verdict in favor of Defendants. The amount of the jury verdict was $1,547,293.37. *See* Copy of Judgment attached as Exhibit "C."

---

[1] Gerald Maples is not a party to this lawsuit. This information is added for clarity only.

19. The total amount of proceeds that was awarded to, or provided to Defendants, due to or as a result of the trial, is $1,647,864.23. This amount is the subject of the contingency contract for legal services that were provided by Plaintiffs.

20. Prior to the entry of the final judgment, Defendants never questioned, re-negotiated, or objected to paying Plaintiffs the agreed amount of 35% for legal fees, plus costs.

21. During trial Stephen testified that a contingency contract existed wherein payment to the Plaintiffs for legal representation was agreed upon at the rate of 45% of the gross recovery plus costs, with Maples receiving 10% of the attorneys' fees.

22. After the judgment was satisfied, Defendants disputed the amount that should be paid to Plaintiffs.

23. According to the contract, Plaintiffs are entitled to 35% of the gross recovery plus costs. *See* Settlement Statement attached as Exhibit "D."

24. In contrast to the terms of the contract, Minor claims that McRae, Diaz, and Maples[2] agreed to provide their services for 30% of the net recovery, after deduction for expenses, to be allocated at 10% each.

25. Plaintiffs assert that they are entitled to jointly receive attorney's fees of $576,752.48, which is 35% of the total settlement amount of $1,647,864.23. Thus, each Plaintiff is entitled to receive $288,376.24 in attorney's fees.

26. Plaintiffs are also entitled to reimbursement for their expenses. The total expenses are $121,664.59 (Minor $84,017.35; McRae $31,577.92; Diaz $4,767.32; Maples $1,302.00). *See* Settlement Statement attached as Exhibit "D."

27. According to the contract, McRae and McRae Law Firm are entitled to receive a total amount of $319,954.16, which is $288,376.24 plus expenses of $31,577.92.

---

[2] Attorney Gerald Maples is not a part of this lawsuit. This information is added for clarity only.

4

28. Even though a dispute exists regarding disbursement amounts, Plaintiffs agreed to accept partial payments for the legal services that they provided until such time that the dispute would be settled. These amounts were paid to Plaintiffs on July 6, 2014.

29. As part of a partial disbursement of undisputed proceeds, Defendants paid $184,197.89 to McRae and McRae Law Firm for the following:

$152,619.97  (attorney's fees)
  31,577.92  (expenses)
$184,197.89  TOTAL PAID TO DATE

30. McRae and McRae Law Firm are entitled to recover an additional $137,738.83 which covers $135,756.27 for attorney's fees and $1,982.56 for expenses.

31. According to the contract, Diaz and Diaz Law Firm are entitled to receive $293 143.56, which is $288,376.24 plus expenses of $4,767.32.

32. As part of a partial disbursement of undisputed proceeds, Defendants paid $152,619.97 to Diaz and Diaz Law Firm for the following:

$152,619.97  (attorney's fees)
   4,767.32  (expenses)
$152,619.97  TOTAL PAID TO DATE

33. Diaz and Diaz Law Firm are entitled to recover an additional $135,756.27 for attorney's fees.

34. In contrast to Plaintiffs' claims, Defendants incorrectly claim that Plaintiffs are only entitled to receive $457,859.89, which is 30% of the net recovery, after deduction of expenses, and that the 30% disbursement is to be allocated at 10% each to McRae, Diaz, and Maples. This is a misrepresentation of the terms of the contract.

35. In summary, Defendants claim that the disbursement amount is $1,526,199.64. Defendants calculate this amount as follows: Total settlement amount of $1,647,864.23 minus

5

expenses of $121,664.59 (Minor $84,017.35; McRae $31,577.92; Diaz $4,767.32; Maples $1,302.00).

36. Because of the dispute regarding the percentage of disbursement, Defendants and Plaintiffs agreed to place the disputed amount of $273,495.11 in a separate, interest bearing account. This separate account is administered by the Estate of Sylvia Minor and the funds are invested by Stephen Minor, Executor of the Estate of Sylvia Minor. *See* Settlement Statement attached as Exhibit "D."

37. Plaintiffs and Defendants agreed that the disputed amount of $273,495.11 will not be finally spent or disposed of by the estate until such time that the dispute is resolved. *Id.*

38. On December 15, 2015, McRae sent a letter to Stephen wherein he requested an accounting of the funds held in trust from the settlement of the USAA case. *See* Copy of Letter attached as Exhibit "E." As of today, no response has been received regarding the status of the trust account. Therefore, we hereby request an accounting of the estate funds held in the trust account.

### D. FACTS COMMON TO MCRAE and MCRAE LAW FIRM

39. McRae and McRae Law Firm are entitled to collect additional attorney's fees and expenses from Defendant Minor for legal representation in 4 (four) other cases. This legal representation has occurred on an ongoing basis and the open account balance is in addition to the amount due for legal representation in the *USAA* case.

40. Defendant Minor negotiated a contract with McRae and McRae Law Firm to provide legal representation, in 4 (four) cases, at the rate of $350.00 per hour. Plaintiffs provided legal representation on an ongoing basis as an open account.

41.     While this was an open account with Defendant Minor, McRae and McRae Law Firm were employed to represent Minor, his siblings, and the Estate of Sylvia Minor in various legal matters. Minor's siblings personally ratified the fee for service arrangement.

42.     On April 16, 2015, McRae and McRae Law Firm, PLLC sent correspondence to Defendant Minor requesting the payment of the outstanding balance on the open account. *See* Copy of Letter attached as Exhibit "F." Minor did not respond to the request for payment.

43.     In reference to the open account, Minor has never questioned or otherwise objected to any charge, service, or expense from Plaintiffs.

44.     Most of the information regarding the cases in Minor's open account constitutes attorney-client communication and is privileged. Therefore, details regarding the charges and services are not included as an exhibit to this Complaint in order to avoid waiver of attorney-client privilege.

45.     In the past, Minor paid certain amounts on his open account; however, he has not paid the full balance due. In a good faith gesture to resolve the open account balance, Plaintiffs reduced the original outstanding balance for legal fees and costs on April 16, 2015; therefore, the balance identified in this complaint reflects liquidated amounts.

46.     The open account is for legal representation in the following cases, wherein services were rendered on an hourly basis @ $350.00 per hour:

| NAME OF CASE | CASE INFORMATION | AMOUNT |
|---|---|---|
| Archie Marks v. Paul Minor | A2401-10-135; Circuit Court of Harrison County; First Judicial District | $ 7,500 |
| Archie Marks v. Paul Minor | A2401-11-57;Circuit Court of Harrison County; First Judicial District | $ 7,500 |
| United States of America vs. Paul Minor | 3:03-CR-00120-HTW-JCS; United States District Court; Southern District of Mississippi, Northern Division | $15,000 |
| Paul S. Minor and Estate of Sylvia Minor v. USAA | 1:08-cv-00242-HTW-LRA; Circuit Court of Jackson County | $20,000 |
| | TOTAL AMT. OWED | $50,000 |

47.     Defendant is liable for prejudgment interest as to the invoice on his open account in accordance with Mississippi law.  Pursuant to Miss. Code Ann. § 75-17-7, prejudgment interest may be awarded at an amount determined by the Court.

## COUNT I – BREACH OF CONTRACT
## (AS TO ALL PLAINTIFFS)

48.     Plaintiffs incorporate and re-alleges by reference the preceding paragraphs above, as if set forth in full hereinafter.

49.     Plaintiffs have performed obligations under the contract for legal representation.

50.     Defendants have not performed their contractual obligations.  Specifically, defendants have not paid all amounts owed for legal fees and costs.  Defendants' nonperformance is a breach of the parties' contract.

51.     As a result of Defendants' breach of the contract, Plaintiffs have suffered damages.

52.     McRae and McRae Law Firm are entitled to receive $137,738.83 as payment for legal representation and costs in the USAA Case.

53.     Diaz and Diaz Law Firm are entitled to receive $135,756.27 as payment for legal representation in the USAA Case.

## COUNT II – NONPAYMENT OF BALANCE ON OPEN ACCOUNT
## (AS TO MCRAE AND MCRAE LAW FIRM, PLLC)

54.     Plaintiffs incorporate and re-alleges by reference the preceding paragraphs above, as if set forth in full hereinafter.

55.     Plaintiffs have performed obligations under the contract for legal representation for 4 (four) cases which are part of Minor's open account.

8

56. Defendant has not performed his contractual obligations which require payment in full for services rendered. Specifically, defendant has not paid all amounts owed for legal fees and costs on his open account for legal representation. Defendant's nonperformance is a breach of the parties' contract.

57. As a result of Defendant's non-payment of fees and costs on his open account, Plaintiffs have suffered damages.

## COUNT III – UNJUST ENRICHMENT
## (AS TO ALL PLAINTIFFS)

58. Plaintiffs incorporate and re-allege by reference the preceding paragraphs above, as if set forth in full hereinafter.

59. If Plaintiffs do not prevail on their legal remedies for breach of contract and failure to pay balance due on an open account, Plaintiffs lack an adequate remedy at law.

60. Plaintiffs provided legal representation for Defendants.

61. Plaintiffs conferred a benefit on Defendants, who have knowledge of the benefits.

62. Defendants accepted and retain the conferred benefits of Plaintiffs' legal representation.

63. Under the circumstances, it would be inequitable for the Defendants to retain the benefits of their legal representation without paying for the services.

## F. PRAYER FOR RELIEF

64. For these reasons, Plaintiffs respectfully request the award of monetary judgments against Defendants as follows:

| | |
|---|---|
| McRae and McRae Law Firm, PLLC | $187,738.83 |
| Diaz and Diaz Law Firm, LLC | $135,756.27 |

65. Plaintiffs respectfully request to recover attorney's fees and pre and post-judgment interest at an amount to be determined by the Court.

66. Plaintiffs respectfully request an accounting of the funds held in the trust account for the Estate of Sylvia Minor associated with the USAA Case.

67. Finally, Plaintiffs respectfully request any and all other relief to which they are entitled.

**WHEREFORE**, Plaintiffs McRae and McRae Law Firm request an award of damages in the amount of $187,738.83, plus costs, prejudgment interest, and attorney's fees.

**WHEREFORE**, Plaintiffs Oliver Diaz, Jr. and Oliver Diaz Law Firm, LLC request an award of damages in the amount of $135,756.27, plus costs, prejudgment interest, and attorney's fees.

This the 27th day of September, 2016.

Respectfully submitted,

Chuck McRae;
McRae Law Firm, PLLC;
Oliver Diaz, Jr.; and
Oliver Diaz Law, LLC,
**PLAINTIFFS**

BY: *Gale N. Walker*
Gale Nelson Walker, Esquire
Attorney for Plaintiffs

GALE NELSON WALKER, MSB #101109
**MCRAE LAW FIRM, PLLC**
416 EAST AMITE STREET
JACKSON, MS
Office: 601.944.1008
Fax: 866.236.7731
Email: gale@mcraelaw.net