UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHUCK MCRAE, et al.                                                                    PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:16cv757-DPJ-FKB

PAUL S. MINOR, et al.                                                                  DEFENDANTS

ORDER

This breach-of-contract case is before the Court on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [12] and Plaintiffs' Motion to Strike, or in the Alternative, for Discovery [20]. For the reasons that follow, the motion to strike is denied, and the motion to dismiss is granted in part as to the open-account claim.

I.      Facts and Procedural History

In late 2010, Defendant Paul S. Minor engaged the legal services of Plaintiffs Chuck McRae, Oliver Diaz, Jr., and their law firms to handle a lawsuit brought by Minor and the estate of his late wife against the Minors' property insurer, USAA. The parties did not enter into a written fee agreement. Instead, Plaintiffs contend that Minor verbally agreed to a contingent-fee agreement whereby "Plaintiffs would provide legal representation in exchange for 35% of the gross recovery, plus expenses." Am. Compl. [3] ¶ 12. For their part, Defendants agree that a contingent-fee agreement existed. But they say its terms were that McRae and Diaz would each earn 10% of the net recovery, after the deduction of expenses.[1]  *Id.* at Ex. D [3-4].

The Minors, represented by Plaintiffs, ultimately obtained a jury verdict against USAA in excess of $1.5 million and paid some portion of the proceeds to Plaintiffs. But Plaintiffs say they

---

[1] A third attorney, not a party to this lawsuit, was entitled to a third 10% of the net recovery under Defendants' version of the agreement. Am. Compl. at Ex. D [3-4].

were underpaid and therefore filed this lawsuit against Minor, his late wife's estate, and Minor's two children on September 27, 2016. In addition to breach-of-contract and unjust-enrichment claims asserted by all Plaintiffs arising out of the contingent-fee agreement, McRae and his law firm assert a separate claim against Minor for nonpayment of the balance owed on an open account arising from other legal work those Plaintiffs performed. Defendants moved to dismiss, Plaintiffs responded in opposition, and Defendants timely filed a reply. Plaintiffs then moved to strike an exhibit submitted with Defendants' reply or, alternatively, for discovery. Defendants responded to that motion; Plaintiffs failed to file a reply, and the time to do so under the local rules has now expired. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

III. Analysis

 A. Motion to Strike

Defendants attached to their reply in support of their motion to dismiss the trial testimony of Defendant Stephen Minor from the underlying lawsuit. They included it to refute the allegation in the Amended Complaint that Stephen testified at trial "that a contingency contract existed wherein payment to the Plaintiffs for legal representation was agreed upon at the rate of [35]% of the gross recovery plus expenses." Am. Compl. [3] ¶ 20; *see also* Pls.' Mem. [17] at 2 (repeating allegation). But Stephen did not so testify at the trial, as shown by the transcript Defendants submitted.

Plaintiffs have moved to strike the transcript; alternatively, they ask the Court to convert Defendants' motion to dismiss into a motion for summary judgment and allow discovery prior to ruling on the motion. *See* Fed. R. Civ. P. 12(d). Ordinarily, in considering a motion to dismiss under Rule 12(b)(6), the Court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). An exception to this rule exists for "[d]ocuments that a defendant attaches to a motion to dismiss [that] are referred to in the plaintiff[s'] complaint and are central to [their] claim." *Id.* at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Additionally, the Court may consider "matters of public record" of which it may take judicial notice in ruling on a Rule 12(b)(6) motion. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Defendants say that the trial transcript is properly before the Court under both the central-to-the-claim and the judicial-notice exceptions. Turning to the latter, Federal Rule of Evidence 201 permits the Court to take judicial notice of "a fact that is not subject to reasonable dispute

3

because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court agrees that Stephen's trial testimony—offered to show that he did not testify as Plaintiffs alleged—is a matter of public record. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (concluding that court could take judicial notice of pleading filed in Louisiana state court in ruling on motion to dismiss). Indeed, Plaintiffs do not dispute the authenticity of the transcript and "concede" that their argument regarding it was mistaken. Pls.' Mem. [21] at 2. Under these circumstances, the Court takes judicial notice of the transcript and may consider it when ruling on the motion to dismiss. Conversion under Rule 12(d), and a stay for discovery, is therefore not required. Plaintiffs' motion to strike is denied.[2]

### B. Motion to Dismiss

#### 1. Contingent-Fee-Agreement Breach-of-Contract Claim

Defendants say Plaintiffs' breach-of-contract claim based on the verbal contingent-fee agreement must be dismissed because a verbal contingent-fee agreement is unenforceable as a matter of law. They point to Mississippi Rule of Professional Conduct 1.5(c), which provides:

> A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated.

Miss. R. Prof'l Conduct 1.5(c).

The Mississippi Supreme Court acknowledged this Rule in *Lowery v. Smith*, but nevertheless permitted an attorney to enforce a verbal contingent-fee agreement. 543 So. 2d 1155. 1163 (Miss. 1989). The fee agreement in that case was reached between the attorney and

---

[2] That said, the contents of Stephen's trial testimony did not affect the analysis on the motion to dismiss.

4

his close personal friend while the attorney was out of town. *Id.* at 1162. Unfortunately, the client died before the attorney recovered any funds to which the contingent-fee agreement would apply. *Id.* Under the circumstances, the chancellor enforced the agreement. *Id.*

On appeal, the Mississippi Supreme Court affirmed, but its holding is a little hard to follow. The Court began by quoting Rule 1.5(c), noting an attorney's ethical obligation to reduce the agreement to writing. *Id.* at 1163. But it then observed,

> Aside from [Rule 1.5(c)], an attorney attempting to claim a fee under an oral contingency fee contract has the burden of proving by clear and convincing evidence that he fully disclosed all of the terms of the agreement to his client, that it was fair and reasonable, and above all was made in good faith.

*Id.* (citing *Fitzpatrick v. Kellner*, 193 So. 911 (Miss. 1940)). The Court essentially agreed that the attorney in *Lowery* met this standard but nevertheless concluded,

> While we would ordinarily be inclined to find that even where an attorney met these case law requirements, he was nevertheless obligated under Rule 1.5(c) of RPC to reduce it to writing, under the unusual facts of this case we believe it would be unduly harsh to deny Lowery recovery under the agreement between Lois and him, and the chancellor was not manifestly wrong in approving it.

*Id.*

Defendants argue that, unlike in *Lowery*, no unusual circumstances exist here that would permit Plaintiffs to enforce the verbal contingent-fee agreement. But the Court finds that Plaintiffs have pleaded a plausible claim. While Plaintiffs may have breached their ethical obligations under Rule 1.5(c), the *Lowery* court refused to say that these contracts must always be in writing. *See* Encyclopedia of Miss. Law. § 59:59 ("Remarkably, the supreme court has not enforced the writing requirement for contingent fees."). And to the extent *Lowery* found unusual circumstances, the same could be said here. For starters, Minor is not the typical client Rule 1.5(c) is designed to protect. The Court can take judicial notice that Minor is himself an attorney with as much experience representing plaintiffs as anyone in this state. He too should have

5

recognized the obvious benefits of a written agreement. And similar to the facts in *Lowery*, Minor and Plaintiffs were not in the same state when the agreement was apparently reached. *See* Pls.' Mem. [17] at 2 (noting that Minor was incarcerated out of state).[3] Nor does the Court find, on the record before it, that "Plaintiffs' alleged version of the oral contingency agreement is unreasonable on its face" as a matter of law. Defs.' Mem. [13] at 5.

While it is certainly unfortunate that this contract among attorneys was never reduced to writing, the Court is not willing to say—as a matter of law—that it is unenforceable. There are circumstances when oral contracts are allowed. *Lowery*, 543 So. 2d at 1163. And under Rule 12(b)(6), the facts are viewed in the light most favorable to Plaintiffs, who must simply plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The motion to dismiss the breach-of-contract claim arising out of the contingent-fee agreement is denied.

2.  Unjust-Enrichment Claim

Plaintiffs pleaded an alternative claim for unjust enrichment.

> To collect under an unjust enrichment or quasi-contract theory, the claimant must show "there is no legal contract but . . . the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain, but should deliver to another."

*Franklin v. Franklin ex rel. Phillips*, 858 So. 2d 110, 121 (Miss. 2003) (quoting *Estate of Johnson v. Adkins*, 513 So. 3d 922, 926 (Miss. 1987)). Here, all parties agree that a contract covering the contingent fee existed. Ordinarily, in such a case, unjust enrichment is not a viable theory of recovery. *See Beau Rivage Resorts, Inc. v. Bell-Aire Prods., Inc.*, No. 1:07cv49-WJG-

---

[3] It is not entirely clear that the *Lowery* court intended to create an unusual-facts test for verbal contingent-fee agreements.

6

JRM, 2008 WL 3978099, at *3 (S.D. Miss. Aug. 20, 2008) ("Generally, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under an unjust enrichment or quasi-contract theory, because the parties to the contract should be bound by their express agreements.").

But Defendants argue that the contract is unenforceable because it was not reduced to writing. And while the Court has not accepted that argument at the Rule 12(b)(6) stage, Defendants could still prevail on this defense on a motion for summary judgment filed after discovery fleshes out the facts. And if the contract is unenforceable, then unjust enrichment might be available to Plaintiffs. *See Ground Control, LLC v. Capsco Indus., Inc.*, 120 So. 3d 365, 371 (Miss. 2013) ("Although the contract is void [under Mississippi law, the plaintiff] should not be precluded from having the opportunity to proceed in court under a claim for the value of what it expended in labor and supplies on the project.").

### 3. Open-Account Claim

Finally, Defendants contend that the McRae Plaintiffs' separate claim on an open account against Minor should be severed and dismissed for lack of subject-matter jurisdiction because it fails to satisfy the amount-in-controversy requirement. Defendants recognize, as they must, that joinder of claims is governed by Federal Rule of Civil Procedure 18(a), which provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). They nevertheless urge the Court to sever the McRae Plaintiffs' unrelated claims against Minor under Rule 21, which generally covers the misjoinder of parties and provides that "[t]he court may also sever any claim against a party." Fed. R. Civ. P. 21.

The Court "has broad discretion" in considering whether severance under Rule 21 is appropriate. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). The Fifth Circuit "has not formally adopted a severance test," but a number of district courts "have settled on a standard which accords with that used in other circuits." *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014). The factors considered include:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Id.* (quoting *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co., Inc.*, No. 3:11cv2205-D, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012)).

Here, the first, second, and fifth factors favor severance. And while the third and fourth factors appear neutral at this time, there could be prejudice to the parties with no stake in the outcome of the open-account claim—the Diaz Plaintiffs, Minor's wife's estate, and Minor's children—who could be prejudiced by litigating that ancillary matter with the claims to which they are parties. The Court therefore exercises its discretion under Federal Rule of Civil Procedure 21 to sever the open-account claim from this action. And because the McRae Plaintiffs have not demonstrated that the amount-in-controversy requirement is met as to the severed claim, the Court lacks subject-matter jurisdiction over it. The open-account claim is therefore dismissed without prejudice.

IV. Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Plaintiffs' Motion to Strike, or in the Alternative, for Discovery [20] is denied, and Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [12] is granted in part. Count II of the Amended Complaint, the open-

8

account claim, is severed and dismissed without prejudice for lack of subject-matter jurisdiction. The parties are instructed to contact the chambers of United States Magistrate Judge F. Keith Ball within 10 days of the entry of this Order to set the case for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 4th day of May, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
