IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| CHUCK MCRAE; MCRAE LAW FIRM, PLLC; OLIVER E. DIAZ, JR.; and OLIVER DIAZ LAW, LLC | PLAINTIFFS |
| V. | CIVIL ACTION NO: 3:16-cv-757DPJ-FKB |
| PAUL S. MINOR; ESTATE OF SYLVIA MINOR; PAUL STEPHEN MINOR, individually and in his representative capacity as Co-Executor of the Estate of Sylvia Minor; KATHRYN MINOR, individually and in her representative capacity as Co-Executor of the Estate of Sylvia Minor | DEFENDANTS |

## SECOND AMENDED COMPLAINT

### Jury Trial Demanded

**COME NOW** Chuck McRae, McRae Law Firm, PLLC, Oliver E. Diaz, Jr., and Oliver Diaz Law, LLC, and file this Second Amended Complaint[1] against Paul S. Minor ("Minor"); the Estate of Sylvia Minor ("Estate"), Paul Stephen Minor ("Stephen"), individually and as Co-Executor of the Estate of Sylvia Minor; and Kathryn Minor ("Kathryn"), individually and as Co-Executor of the Estate of Sylvia Minor.

A.  PARTIES

1. Plaintiff, Chuck McRae ("McRae"), is an adult resident citizen of the State of Mississippi, Hinds County.

2. The McRae Law Firm, PLLC ("McRae Law Firm") is a Mississippi Professional Limited Liability Company organized under the laws of the State of Mississippi with its principal place of business in Hinds County, Mississippi.

---

[1] Two prior Amended Complaints have been filed. *See* D. ## 2 and 3. However, Docket # 3 is identical to Docket # 2 and was simply a corrected re-filing.

1

3. Plaintiff, Oliver E. Diaz, Jr., ("Diaz") is an adult resident citizen of the State of Mississippi, Madison County.

4. Plaintiff, Oliver Diaz Law, LLC ("Diaz Law Firm") is a Mississippi Professional Limited Liability Company organized under the laws of the State of Mississippi with its principal place of business in Madison County, Mississippi.

5. Defendant, Paul S. Minor ("Minor"), is an adult resident citizen of the State of Louisiana, and may be served with process at 1523 Nashville Avenue, New Orleans, Louisiana, 70115.

6. Defendant, Paul Stephen Minor ("Stephen"), is an adult resident citizen of the State of Connecticut, and may be served with process at 119 Oneida Drive, Greenwich, Connecticut, 06830.

7. Defendant, Kathryn Minor ("Kathryn"), is an adult resident citizen of the State of New York, and may be served with process at 40 E. 10th St., New York, New York 10003-6200.

8. Defendant, Estate of Sylvia Minor ("Estate"), is an Estate which, upon information and belief, was formed and is maintained under the laws of the State of Louisiana and which may be served with process upon either of its Executors, Stephen or Kathryn.

### B. JURISDICTION

9. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, excluding interest and expenses.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this cause of action involves services provided in this district and in this Court.

## C. FACTS COMMON TO ALL PLAINTIFFS

11. At some point in time, between October, 2010, and November, 2010, Defendant Minor requested that Plaintiffs provide legal representation for him and the co-executors in a civil lawsuit which had been filed in the Circuit Court of Jackson County, Mississippi styled *Paul S. Minor and Estate of Sylvia F. Minor vs. United Services Automobile Association*; Cause No. 2008-00204 ("USAA Case").

12. Plaintiffs were informed that another attorney, Gerald Maples ("Maples")[2], had filed the case; however, Minor wanted to terminate his services and replace him with Plaintiffs as counsel on the case.

13. Defendants agreed to pay Plaintiffs in exchange for legal representation. Plaintiffs entered into a verbal contract with Defendants whereby Plaintiffs would provide legal representation in exchange for 45% of the gross recovery, plus reimbursement of expenses from the Client's share of recovery, after the deduction of attorneys' fees.

14. Plaintiffs signed a Contingency Agreement ("Agreement", attached as Exhibit F) and presented it to Minor, who voiced his assent to the Agreement and represented that he would have Stephen execute the Agreement on behalf of the Estate.

15. Of the total fee, Plaintiffs understood that they would receive total attorneys' fees of 35% of the gross recovery, plus reimbursement of expenses from the Client's share of recovery, after the deduction of attorneys' fees, and that Maples would receive a separate 10% fee.

16. On November 22, 2010, Plaintiffs filed their Notices of Appearance in the case in the Circuit Court of Jackson County, Mississippi. *See* Exhibits "A" and "B." From this time forward, Plaintiffs diligently, zealously, and effectively provided legal representation in litigating the lawsuit.

---

[2] Gerald Maples is not a party to this lawsuit. This information is added for clarity only.

17. The trial in the USAA case began on September 9, 2013 and ended on September 20, 2013.

18. During the first few days of the trial, USAA tendered $71,864.23 to the Defendants as payment for portions of the claims against them.

19. On September 20, 2013, the jury entered a verdict in favor of Defendants. The amount of the jury verdict was $1,547,293.37. *See* Copy of Judgment attached as Exhibit "C."

20. The total amount of proceeds that was awarded to, or provided to Defendants, due to or as a result of the trial, is $1,647,864.23. This amount is the subject of the contingency contract for legal services provided by Plaintiffs.

21. Prior to the entry of the final judgment, Defendants never questioned, re-negotiated, or objected to paying Plaintiffs the agreed amount of 35% for legal fees, plus expenses.

22. Only after the judgment was satisfied did Defendants dispute the amount that should be paid to Plaintiffs and attempt to change the terms of the contract, claiming that each of the Plaintiffs and Maples were due 10% of the net recovery, after the deduction of expenses, which amounted to $152,619.96 each, for a total of $457,859.88. *See* Settlement Statement attached as Exhibit "D."

23. Pursuant to the terms of the agreement between the parties, Plaintiffs have been underpaid in the combined amount of $273,495.11. *See* Settlement Statement attached as Exhibit "D."

24. Plaintiffs are entitled to attorneys' fees equal to 35% of the gross recovery of $1,647,864.23, plus reimbursement of expenses from the Client's share of recovery, after the deduction of attorneys' fees. The total amount of attorneys' fees earned under the agreement is $576,752.48.

25. To date, Plaintiffs have been paid combined attorneys' fees of $305,239.93. Accordingly, Plaintiffs are owed $271,512.55 in additional attorneys' fees. The McRae Plaintiffs are also entitled to an additional reimbursement of $1,982.56 in expenses, for a combined total amount owing of $273,495.11. *See* Settlement Statement attached as Exhibit "D."

26. Even though a dispute exists regarding disbursement amounts, Plaintiffs agreed to accept partial payments for the legal services that they provided until such time that the dispute would be settled. These amounts were paid to Plaintiffs on July 6, 2014 and are reflected in the attached Settlement Statement and in the allegations found in this Complaint.

27. According to the contract, McRae and McRae Law Firm are entitled to receive $288,376.24 in attorneys' fees, plus expenses of $33,560.48. The total amount due is $321,936.72. As part of a partial disbursement of undisputed proceeds, Defendants paid $184,197.89 to McRae and McRae Law Firm for the following:

$152,619.97  (attorney's fees)
  31,577.92  (expenses)
$184,197.89  TOTAL PAID TO DATE

28. McRae and McRae Law Firm are entitled to recover an additional $137,738.83: $135,756.27 for attorney's fees and $1,982.56 for expenses.

29. According to the contract, Diaz and Diaz Law Firm are entitled to receive $288,376.24 in attorneys' fees, plus expenses of $4,767.32. The total amount due is $293,143.56.

30. As part of a partial disbursement of undisputed proceeds, Defendants paid $157,387.29 to Diaz and Diaz Law Firm for the following:

$152,619.97  (attorney's fees)
   4,767.32  (expenses)
$157,387.29  TOTAL PAID TO DATE

31. Diaz and Diaz Law Firm are entitled to recover an additional $135,756.27 for attorney's fees.

32. Because of the dispute regarding the payments of fees and expenses, Defendants and Plaintiffs agreed to place the disputed amount of $273,495.11 in a separate, interest bearing account, to be administered by the Estate of Sylvia Minor and invested by Stephen Minor, Executor of the Estate of Sylvia Minor. *See* Settlement Statement attached as Exhibit "D."

33. Plaintiffs and Defendants further agreed that the disputed amount of $273,495.11 will not be finally spent or disposed of by the Estate. *Id.*

34. On December 15, 2015, McRae wrote to Stephen and requested an accounting of the funds held in trust from the settlement of the USAA case. *See* Copy of Letter attached as Exhibit "E." No response was ever received by Plaintiffs. No Defendant has provided any information to any Plaintiff concerning the holding, preservation, or investment of the disputed funds.

35. Defendants the Estate and its co-executors Stephen and Kathryn, have secreted the disputed funds and refused to account for their existence or whereabouts. An accounting is necessary to discover whether the Estate and co-executors have maintained the disputed funds in a separate account, to confirm that the funds have not been depleted, and to determine whether fiduciary duties owed by the Estate and the co-executors, and by Stephen separately with regards to investing the funds, have been upheld or breached.

**COUNT I.   BREACH OF CONTRACT**

36. Plaintiffs incorporate and re-allege by reference the preceding paragraphs above, as if set forth in full hereinafter.

37. An oral contract for professional legal services existed between the Plaintiffs and the Defendants, the terms of which are memorialized in Exhibit "F", which is incorporated herein by reference as if fully reproduced in words and figures.

38. Plaintiffs performed their obligations under the contract for legal representation.

39. Defendants have not performed their contractual obligations. Specifically, defendants have not paid all amounts owed for legal fees and expenses pursuant to the contract. Defendants' nonperformance is a breach of the parties' contract.

40. As a result of Defendants' breach of the contract, Plaintiffs have suffered damages.

41. McRae and McRae Law Firm are entitled to receive $137,738.83 as compensatory damages, representing the remaining payments owed for legal representation and expenses in the USAA Case, plus prejudgment interest on that amount.

42. Diaz and Diaz Law Firm are entitled to receive compensation of $135,756.27 as compensatory damages, representing the remaining payments owed for legal representation in the USAA Case, plus prejudgment interest on that amount.

**COUNT II.    BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

43. Plaintiffs incorporate and re-allege by reference the preceding paragraphs above, as if set forth in full hereinafter.

44. Under Mississippi law, all agreements contain an implied duty of good faith and fair dealing in their performance and enforcement. Defendants breached this duty by acting in a manner inconsistent with the agreed purpose between the parties and the justified expectations of Plaintiffs.

45. Defendants breached their contract with the Plaintiffs in a manner which exhibited bad faith, characterized by conduct which violates standards of decency, fairness or reasonableness, in violation of the implied covenant of good faith and fair dealing.

46. Specifically, Defendants breached their contract with the intent to reduce the amount of compensation previously agreed upon, to reduce the income earned by Plaintiffs, and to secure those funds for themselves.

47. In addition to the compensatory damages cited above to which Plaintiffs are entitled for Defendants' breaches of contract, they are also entitled to a recovery of attorneys' fees in the

amount of 40% of their recovery or as otherwise allowed by law and punitive damages in an amount to be determined by a jury due to the breach of the duty of good faith and fair dealing.

### COUNT III.   EQUITABLE ESTOPPEL

48. Plaintiffs incorporate and re-allege by reference the preceding paragraphs above, as if set forth in full hereinafter.

49. In the alternative, if Plaintiffs do not prevail on their legal remedies for breach of contract, Plaintiffs are entitled to a recovery under the doctrine of equitable estoppel.

50. Plaintiffs changed their position by agreeing to represent Defendants in protracted litigation in reliance upon the words and conduct of Defendants in representing that a total fee of 35% of the gross recovery, plus reimbursement of expenses from the Client's share of recovery, after the deduction of attorneys' fees, would be paid to Plaintiffs for their representation.

51. Plaintiffs provided legal representation for Defendants and devoted a great deal of time and professional effort in doing so.

52. Through their legal representation, Plaintiffs conferred a benefit on Defendants, who have knowledge of the benefits.

53. Defendants accepted and retained the conferred benefits of Plaintiffs' legal representation.

54. Plaintiffs were damaged as described in this Complaint as a result of their change in position in reliance on the words and conduct of Defendants.

55. Under the circumstances, it would be substantially inequitable for the Defendants to retain the benefits of the Plaintiffs' legal representation without paying the just amount for those services.  In good conscience and justice, the Defendants should be equitably estopped from denying the terms of the Agreement and retaining the monies owing to Plaintiffs, but those funds should be delivered to the Plaintiffs.

56. Plaintiffs would be entitled to recover compensatory damages in the amounts referenced in their Breach of Contract claim above and/or any other element of damages necessary to recover from Defendants pursuant to the doctrine of equitable estoppel.

### COUNT IV.   PROMISSORY ESTOPPEL

57. Plaintiffs incorporate and re-allege by reference the preceding paragraphs above, as if set forth in full hereinafter.

58. In the alternative, if Plaintiffs do not prevail on their legal remedies for breach of contract, Plaintiffs are entitled to a recovery under the doctrine of promissory estoppel.

59. Defendants promised that in exchange for Plaintiffs agreeing to represent Defendants in protracted litigation, Defendants would compensate Plaintiffs with a total fee of 35% of the gross recovery, plus reimbursement of expenses from the Client's share of recovery, after the deduction of attorneys' fees.

60. Defendants made these promises intending that Plaintiffs would rely upon them.

61. Plaintiffs relied upon these promises in agreeing to provide their legal services.

62. Plaintiffs provided legal representation for Defendants and devoted a great deal of time and professional effort in doing so.

63. Through their legal representation, Plaintiffs conferred a benefit on Defendants, who have knowledge of the benefits.

64. Defendants accepted and retained the conferred benefits of Plaintiffs' legal representation.

65. Plaintiffs were damaged as described in this Complaint as a result of their reliance on Defendants' promises.

66. Under the circumstances, it would be substantially inequitable for the Defendants to retain the benefits of the Plaintiffs' legal representation without paying the just amount for those

services.  In good conscience and justice, the Defendants should be estopped from denying their promises and retaining the monies owing to Plaintiffs, and those funds should be delivered to the Plaintiffs.

67. A refusal to enforce Defendants' promises would be sanction the perpetration of a fraud and result in injustice to Plaintiffs.

68. Plaintiffs would be entitled to recover compensatory damages in the amounts referenced in their Breach of Contract claim above and/or any other element of damages necessary to recover from Defendants pursuant to the doctrine of promissory estoppel.

## COUNT V.   UNJUST ENRICHMENT

69. Plaintiffs incorporate and re-allege by reference the preceding paragraphs above, as if set forth in full hereinafter.

70. In the alternative, if Plaintiffs do not prevail on their legal remedies for breach of contract, Plaintiffs are entitled to a recovery for the unjust enrichment of Defendants.

71. Plaintiffs provided legal representation for Defendants and devoted a great deal of time and professional effort in doing so.

72. Through their legal representation, Plaintiffs conferred a benefit on Defendants, who have knowledge of the benefits.

73. Defendants accepted and retained the conferred benefits of Plaintiffs' legal representation.

74. Under the circumstances, it would be inequitable for the Defendants to retain the benefits of the Plaintiffs' legal representation without paying the just amount for those services.  In good conscience and justice, the Defendants should not retain the monies owing to Plaintiffs, but those funds should be delivered to the Plaintiffs.

75. Plaintiffs would be entitled to recover compensatory damages in the amounts referenced in their Breach of Contract claim above and/or any other element of damages necessary to prevent the unjust enrichment of Defendants.

### COUNT VI.  ACCOUNTING

76. Plaintiffs incorporate and re-allege by reference the preceding paragraphs above, as if set forth in full hereinafter.

77. By agreeing to hold the disputed funds, the Estate and its co-executors Stephen and Kathryn have fiduciary duties to Plaintiffs.

78. By agreeing to invest the disputed funds, Stephen has further fiduciary duties to Plaintiffs.

79. Defendants the Estate and its co-executors Stephen and Kathryn have secreted the disputed funds and refused to account for their existence or whereabouts. An accounting is necessary to discover whether the Estate and co-executors have maintained the disputed funds in a separate account and to confirm that the funds have not been depleted.

80. An accounting is further necessary to determine whether fiduciary duties owed by the Estate and the co-executors, and by Stephen separately with regards to investing the funds, have been upheld or breached.

81. An accounting is further necessary to reveal whether any funds have been diverted from the separate account for the benefit of any Defendant.

82. Plaintiffs reserve the right to modify their prayer for relief and further amend this Complaint, depending on the results of the accounting.

### COUNT VII.  TORTIOUS INTERFERENCE WITH CONTRACT (AS TO PAUL MINOR ONLY)

83. Plaintiffs incorporate and re-allege by reference the preceding paragraphs above, as if set forth in full hereinafter.

84. Alternatively to the other claims against Defendant Paul Minor set forth herein, Defendant Paul Minor intentionally and willfully interfered with Plaintiffs' contract for legal services with the Estate of Sylvia Minor and its representatives, by, among other things, representing that he agreed to a 45% contingency fee agreement, representing that the Estate agreed to a 45% contingency fee, representing that he would obtain the signature of Stephen (on behalf of the Estate) on the Agreement memorializing that fee, and then remaining silent for years while Plaintiffs provided the agreed-upon legal services in reliance on the representations made by Paul Minor. Defendant Paul Minor also intentionally and willfully interfered with the contract by taking actions and urging the other Defendants to take actions that resulted in Plaintiffs not being paid the monies owed pursuant to the contract once the funds were ready for disbursement.

85. Defendant Paul Minor's acts and omissions were calculated to cause damage to the Plaintiffs in their lawful business of practicing law. Minor knew that Plaintiffs would not agree to provide their legal services for a contingency fee of 20% of the net recovery after the deduction of expenses. Minor prevented a written contract from being executed, while representing that it would be executed. Minor waited until after the Plaintiffs successfully obtained the largest Katrina damage jury verdict in the State of Mississippi to change his position and influence the other Defendants to do so as well. Minor took further action to terminate the legal services of Plaintiffs and/or influence the other Defendants to terminate the legal services of Plaintiffs. Minor committed these acts and omissions, knowing that they would reduce Plaintiffs' fees for their legal service, and further knowing that it would deprive them of the opportunity to earn additional fees at the agreed-upon rate, should an appeal on the issue of extra-contractual damages be successful.

86. Defendant Paul Minor's acts and omissions were committed with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of Minor,

constituting malice. That is, he committed those acts and omissions for the unlawful purpose of unjustly enriching himself or other Defendants at the expense of Plaintiffs.

87. But for Paul Minor's interference as described herein, the contract would have been performed.

88. Plaintiffs have suffered actual damage and loss, as described herein, as a result of Defendant Paul Minor's interference with their contract as set forth above.

89. Further, since the interference with contract was done in a malicious manner, Plaintiffs are entitled to punitive damages from Defendant Paul Minor.

### D. PRAYER FOR RELIEF

90. For these reasons, Plaintiffs McRae and McRae Law Firm, PLLC respectfully request the award of compensatory damages in the amount of $137,738.83; and Plaintiffs Diaz and Diaz Law Firm, LLC request an award of compensatory damages in the amount of $135,756.27.

91. Plaintiffs respectfully request to recover their costs for bringing this lawsuit, their attorneys' fees at an amount of 40% of their recovery or as otherwise allowed by law, and punitive damages in an amount to be determined by a jury.

92. Plaintiffs respectfully request pre- and post-judgment interest.

93. Plaintiffs respectfully request an accounting of the disputed funds that are to have been held in a separate account administered by the Estate of Sylvia Minor and invested by Stephen.

94. Finally, Plaintiffs further respectfully request any and all other relief to which they are entitled.

**WHEREFORE**, Plaintiffs McRae and McRae Law Firm request an award of damages in the amount of $137,738.83, plus expenses, pre-judgment interest, attorneys' fees, punitive damages, and post-judgment interest on any recovered amount.

**WHEREFORE**, Plaintiffs Oliver Diaz, Jr. and Oliver Diaz Law Firm, LLC request an award of damages in the amount of $135,756.27, plus expenses, pre-judgment interest, attorneys' fees, punitive damages, and post-judgment interest on any recovered amount.

DATED: July 21, 2017

Respectfully submitted,

| On behalf of Chuck McRae, | On behalf of Oliver E. Diaz, Jr., |
|---|---|
| /s/ Chuck McRae | /s/ Oliver E. Diaz, Jr. |
| Chuck McRae, MSB #2804 | Oliver Diaz, MSB # 6064 |
| On behalf of McRae Law Firm, PLLC, | On behalf of Oliver E. Diaz, Jr. and Oliver Diaz Law, LLC, |
| /s/ Drew M. Martin | /s/ Graham P. Carner |
| Drew M. Martin, MSB #101045 | Graham P. Carner, MSB #101523 |

Chuck McRae (MSB#2804)
Drew M. Martin (MSB#101045)
McRae Law Firm, PLLC
416 East Amite Street
Jackson, Miss. 39201
Tel: 601.944.1008
Fax: 866.236.7731
Email: chuck@mcraelaw.net
Email: drew@mcraelaw.net

Oliver E. Diaz, Jr. (MSBN 6064)
P.O. Box 946
Madison, MS 39130-0946
T: 769.230.3881
E: oliver@oliverdiazlaw.com

GRAHAM P. CARNER (MSBN 101523)
Graham P. Carner, PLLC
775 N. Congress Street
Jackson, Miss. 39202
T: 601.949.9456
F: 601.354.7854
E: graham.carner@gmail.com