IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHUCK MCRAE, ET AL.**                                                                                              **PLAINTIFFS**

**VS.**                                            **CIVIL ACTION NO.: 3:16-cv-757-DPJ-FKB**

**PAUL S. MINOR, ET AL.**                                                                   **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISQUALIFY COUNSEL**

Before the Court is Defendants' Motion to Disqualify Counsel for Plaintiffs [31]. For the reasons stated herein, the motion is granted in part and denied in part. Specifically, the Court finds that Chuck McRae and Oliver E. Diaz, Jr. should be disqualified from representing any party other than themselves in this case, including the Oliver Diaz Law Firm, LLC and the McRae Law Firm, PLLC. While Diaz and McRae may not represent the law firm plaintiffs in this case, they may appear *pro se* as parties.

**Facts**

This case concerns a dispute about attorneys' fees. The plaintiffs are individual attorneys, Chuck McRae and Oliver E. Diaz, Jr., and their respective law firms, McRae Law Firm, PLLC and Oliver Diaz Law Firm, LLC. They claim that the defendants, Paul S. Minor, Estate of Sylvia Minor, Paul Stephen Minor, and Kathryn Minor, owe them money for legal services rendered in a previous lawsuit against an insurance company. The lawsuit resulted in a recovery from the insurance company, and although they were paid a portion of the recovery for expenses and attorneys' fees, the plaintiffs claim that they are entitled to more than they were paid.

No signed, written attorneys' fees agreement exists between the parties. The plaintiffs assert that they have an oral fee agreement which they seek to enforce in this case. To support their claims as to the terms of the agreement, the plaintiffs will rely on the testimony of Chuck McRae and/or Oliver E. Diaz, Jr.

**Analysis**

Defendants move to disqualify Diaz and McRae as attorneys in this case, citing Rule 3.7 of the Mississippi Rules of Professional Conduct. The rule states:

> Rule 3.7. Lawyer as witness.
>
> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> > (1) the testimony relates to an uncontested issue;
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> > (3) disqualification of the lawyer would work substantial hardship on the client.

Miss. R. Prof. Conduct 3.7.[1]

Both federal and state courts, in applying Miss. R. Prof. Conduct 3.7, have disqualified attorneys from representing clients in cases where the attorney is also a necessary witness. *See, e.g., Liberty Mut. Ins. Co. v. Tedford*, 644 F. Supp. 2d 753, 767-68 (N.D. Miss. 2009); *Pearson v. Parsons*, 541 So. 2d 447 (Miss. 1989). Here, neither Diaz nor McRae appear to meet any of the three exceptions contained in Rule 3.7. Accordingly, since they are necessary witnesses at trial, Rule 3.7 prohibits McRae and Diaz from representing either of the law firm plaintiffs in this case.

Diaz and McRae argue that Rule 3.7 does not apply to instances where an attorney is a party to the case and appearing *pro* se. Defendants cite no Mississippi case holding that Rule 3.7 prohibits an attorney from appearing *pro se* as a party litigant, and the undersigned can find no such Mississippi case. McRae cites authorities from other states which have found that such a rule prohibiting attorneys from acting as both advocate and witness does not prohibit an attorney from appearing *pro se* when an actual party to the case. *See* [40] at 6-8. The undersigned finds those authorities persuasive, as they address rules substantially similar or identical to Miss. R. Prof.

---

[1] Any attorney who makes an appearance before this Court is subject to the Mississippi Rules of Professional Conduct. *See* L.U.CIV.R. 83.5.

Conduct 3.7. *See, e.g., Borman v. Borman*, 393 N.E.2d 847, 856 (Mass. 1979); *Brooks v. S.C. Comm'n on Indigent Def. & Office of Indigent Def.*, 797 S.E.2d 402, 408 (S.C. Ct. App. 2017)("Our supreme court has not addressed whether an attorney may proceed *pro se* and testify as a witness without violating Rule 3.7. However, the prevailing view is that an attorney may testify in his or her own case without violating the rule."). The undersigned finds, therefore, that the defendants have failed to show that Miss. R. Prof. Conduct 3.7 requires that McRae and Diaz be disqualified from appearing *pro se* in this case.

## Conclusion

For the reasons stated above, Defendants' Motion to Disqualify Counsel for Plaintiffs [31] is granted in part and denied in part. Chuck McRae may appear *pro se* in this case, and Oliver Diaz, Jr. may appear *pro se* in this case. Chuck McRae and Oliver Diaz, Jr. are hereby disqualified from representing McRae Law Firm, PLLC, Oliver Diaz Law Firm, LLC, and any other party in this case.

SO ORDERED on the 5th day of October, 2017.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE