IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHUCK MCRAE, ET AL.**     **PLAINTIFFS**

**v.**     **Civil Action No. 3:16-cv-757-DPJ-FKB**

**PAUL S. MINOR, ET AL.**     **DEFENDANTS**

### DECLARATION OF DIAZ PLAINTIFFS' ATTORNEY GRAHAM P. CARNER IN SUPPORT OF MOTION FOR CONTINUANCE

I, Graham P. Carner, submit this Declaration pursuant to 28 U.S.C. § 1746, stating:

1. I am attorney of record for the Plaintiffs Oliver E. Diaz, Jr. and Oliver Diaz Law, LLC ("the Diaz Plaintiffs"), and have personal knowledge of the facts set forth herein.

2. This litigation was originally filed on September 27, 2016. Docket # 1. An Amended Complaint was filed on November 17, 2016. Docket # 3. After the Amended Complaint was served on the Defendants, they filed a Motion to Dismiss on January 13, 2017. Docket # 12. On February 16, 2017, the Court stayed discovery. *See* Text-Only Order from 02/16/2017.

3. On May 4, 2017, the Court entered its Order granting in part and denying in part the Defendants' Motion to Dismiss. Docket # 28. A Case Management Order was entered on June 27, 2017, allowing discovery to continue. Docket # 33. Under the terms of the Case Management Order, motions to amend pleadings had to be filed by July 21, 2017. The Plaintiffs filed a Motion for Leave to File Second Amended Complaint. Docket # 55. That Motion was granted and Plaintiffs filed their Second Amended Complaint on September 13, 2017. Docket # 74.

4. The Defendants have still not filed an Answer to the Second Amended Complaint, due to their efforts to seal that pleading. *See* Docket #s 76, 77, 78, 79, and 84. The Motion to

1

EXHIBIT 1

Seal remains pending, so the pleadings have not closed. Defendants have also filed a motion to stay these proceedings. *See* Docket #s 82 & 83. That motion remains pending. Due to the fact that the pleadings in the case have not closed, discovery has not been completed because the issues for discovery have not been defined.

5. For that and other reasons, Plaintiffs have sought to extend case deadlines several times. First, Plaintiffs asked that they be allowed to designate expert witnesses no earlier than 30 days after the Defendants' Counterclaim was filed. Docket # 86. The Defendants consented to that request. Docket # 86. Plaintiffs then filed another motion to extend other case deadlines, including the discovery deadline. Docket # 94.

6. To date, the only person who has been deposed in this matter is Plaintiff Oliver Diaz. The Diaz Plaintiffs intend to depose Defendants Paul Minor, Kathryn Minor, and Stephen Minor. The Defendants also intend to depose Janet Miller, longtime employee of Defendant Paul Minor who is believed to have information relevant to this litigation, and Chuck McRae. Prior to the Defendants' efforts to seal the Answer and Counterclaim, Plaintiffs had on multiple occasions requested deposition dates for the above people, but Defendants did not provide agreeable deposition dates.

7. At the Settlement Conference with the Magistrate Judge on January 23, 2018, the status of the litigation was discussed with the Court. All parties and the Court discussed that if the matter could not be resolved that further proceedings and discovery (which Defendants' counsel referred to at the conference as "stage two" of discovery) would be necessary beyond the original deadlines. This included the above depositions and other discovery on issues in the case.

8. The Defendants have filed three separate Motions for Summary Judgment pursuant to FRCP 56. Docket #s 97 (Motion for Partial Summary Judgment on Breach of

2

Contract Claim); 100 (Motion for Summary Judgment on Claims of Unjust Enrichment, Accounting, and Tortious Interference with Contract); and 102 (Motion for Summary Judgment on Claims Against Kathryn Minor and Stephen Minor in Individual Capacities).

9. In order to respond to each of the above motions, Plaintiffs need to conduct additional discovery. Most significantly, Plaintiffs need to depose Defendants Paul Minor, Kathryn Minor, and Stephen Minor. In the Motion at Docket # 97, sworn deposition testimony of the Defendants is needed regarding the terms of Plaintiffs' legal representation (the chief factual issue of the Breach of Contract claim and the Defendants' Motion at Docket # 97). In the Motion at Docket # 100, testimony is needed from Defendants on issues related to the terms of the contract (for, if there is no contract then Plaintiff's alternative claim of unjust enrichment may be viable). Similar testimony is needed with regard to the tortious interference claim, as that is also an alternative claim to the breach of contract claim. Finally, testimony is needed regarding the role of Stephen Minor in holding and investing the funds at issue with respect to the claim for an accounting. Finally, with respect to the Motion at Docket # 102, the depositions of Stephen Minor and Kathryn Minor are needed to respond to arguments that their actions/inactions relevant to the Complaint do not give rise to individual liability. On all of the pending summary judgment motions, deposition testimony of the parties is needed to address the arguments made by the Defendants in the motions.

10. Additional discovery will allow Plaintiffs to develop information necessary to respond to the pending summary judgment motions. A continuance to respond will allow Plaintiffs to properly develop those responses.

11. This Declaration is provided in accordance with Rule 56(d) of the Federal Rules of Civil Procedure, for the purpose of enabling the Diaz Plaintiffs to obtain a continuance.

Executed on this the 27th day of February, 2018.

I declare under penalty of perjury that the above and foregoing is true and correct.

GRAHAM P. CARNER