# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

OLIVER E. DIAZ, JR., ET AL.                                                    **PLAINTIFFS**

VS.                                              **CIVIL ACTION NO.: 3:16-cv-757-DPJ-FKB**

PAUL S. MINOR, ET AL.                                                         **DEFENDANTS**

## ORDER STAYING CASE

Before the Court are two motions: Defendants' Motion to Stay Proceedings [82] and

Defendants' Motion to File Answer and Counterclaim Under Seal [76]. For the reasons described

herein, the Court finds that motion [82] should be granted, and motion [76] is, therefore, moot.

### Procedural History

This case concerns an attorneys' fees dispute. Plaintiffs, Oliver Diaz, Jr. and the Oliver

Diaz Law Firm ("Diaz"), claim that Defendants owe them attorney's fees and expenses for legal

services rendered in the matter of *Paul S. Minor and Estate of Sylvia F. Minor vs. United Services

Automobile Association*, Cause No. 2008-00204, pending before the Circuit Court of Jackson

County, Mississippi ("the USAA case").[1] The state court litigation resulted in a verdict in favor of

Paul Minor and the Estate of Sylvia Minor ("the Minors").[2] However, the Mississippi Court of

Appeals has remanded the case for additional proceedings. *See Estate of Minor v. United Servs.

Auto. Ass'n*, No. 2014-CA-00372-COA, 2017 WL 2781975 at *11-12 (Miss. Ct. App. June 27,

2017), reh'g denied (Mar. 6, 2018). The Minors have since retained new counsel in the USAA

---

[1] Two of the original plaintiffs, Chuck McRae and the McRae Law Firm, PLLC, have resolved their claims
and agreed to dismiss them from this case. [118]. Plaintiffs Oliver Diaz, Jr. and Oliver Diaz Law Firm, PLLC,
remain.

[2] Paul S. Minor and the Estate of Sylvia F. Minor are the plaintiffs in the USAA case. In addition to the
them, Diaz has also filed suit against Paul Stephen Minor and Kathryn Minor, in both their representative and
individual capacities as executors of the Estate of Sylvia Minor. The Court uses the term, "Defendants," to refer to
all four of the Minor defendants in the instant case. The Court refers to the plaintiffs in the USAA litigation as "the
Minors."

case, but Diaz claims he is still owed attorney's fees and expenses for his previous representation of the Minors in the USAA case.

On September 13, 2017, Diaz filed his Second Amended Complaint. [74]. On September 27, 2017, Defendants filed motion [76], requesting permission to file their answer and counterclaim under seal. Defendants claim that some assertions in their answer and counterclaims "may affect the parties' respective positions in the ongoing USAA case," and "[t]o avoid any such unintended effects," Defendants request that they be allowed to file their answer and counterclaim under seal. [76] at 2. After Plaintiffs objected to the motion to seal, Defendants moved to stay the cause until the USAA case has concluded. [82]. Defendants ask the Court to grant the motion to seal [76] only if the Court denies the motion to stay [82]. *See* [83] at 1.

On December 12, 2017, the Court stayed Defendant's duty to file an answer to Diaz's Second Amended Complaint pending its ruling on these motions. On December 22, 2017, the Court ordered Defendants to file a non-confidential memorandum in support of the motion to seal as required by L.U.Civ.R. 79. [90]. The Court also ordered Defendants to submit a confidential memorandum and a copy of the proposed answer and counterclaim directly to chambers, copying opposing counsel on both. *Id.* Defendants submitted the required documents to the Court on January 9, 2018.

## Legal Standard

When determining whether to seal a portion of a judicial record, a court must balance the public's right to access filings against interests which favor nondisclosure. *Securities and Exchange Commission v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The court must examine "relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978). "Despite the public's general right to inspect and copy public record, a court may order documents sealed where, on balance, the party's interest in

having them sealed outweighs the public's interest in open access to judicial records." *DISH Network, LLC v. WLAJ-TV, LLC*, No. CV 16-0869, 2017 WL 1333057, at *2 (W.D. La. Apr. 3, 2017).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Generally, the power to stay a pending matter derives from a trial court's wide discretion to control the course of litigation." *United States v. $9,041,598.68*, 163 F.3d 238, 251 (5th Cir. 1998). "When deciding 'whether a stay should be granted, the Court is guided by the factors of judicial economy and convenience for the Court, for counsel, and for the parties.'" *Ha Thi Le v. Lease Fin. Grp., LLC*, Civ. Action No. CV 16-14867, 2017 WL 2915488, at *6 (E.D. La. May 9, 2017), reconsideration denied, Civ. Action No. CV 16-14867, 2017 WL 2911140 (E.D. La. July 7, 2017)(quoting *United States v. FEDCON Joint Venture*, Civ. Action No. 16-13022, 2017 WL 897852, at *1 (E.D. La. Mar. 7, 2017)).

### Analysis

The Court has reviewed Defendants' proposed answer and counterclaim *in camera*. The Court has also reviewed Defendants' memoranda, which assert that the answer and counterclaim contain attorney-client privileged and work product information related to the ongoing USAA case.

The Court finds that Defendants' concern that the proposed answer and counterclaim may potentially reveal attorney-client privileged and work product information to the public (and therefore the opposing party in the USAA case) is well-founded. Diaz, the Minors' former attorney and Plaintiff herein, filed this suit against his former clients prior to the case in which he represented them concluding. This puts Defendants in a difficult position; they are forced to defend

against their former attorney, while at the same time trying not to reveal any information publicly that could damage their ongoing state court lawsuit. In light of these circumstances, Defendants' request to file their answer and counterclaim under seal is reasonable, as is their request for a stay.

The risk of prejudice to the Minors' state court case significantly outweighs any prejudice to Diaz that would result from a stay. Defendants have shown a pressing need for the stay to protect attorney-client privileged and work product information from being disseminated to the opposing party in the USAA litigation. Although Diaz claims prejudice by delay, it is simply too problematic to attempt to proceed with this case without revealing Defendants' privileged and confidential information related to a case that they are still litigating in state court. The Minors did not initiate this case, and the Court can find no reason why they should be forced to publicly divulge attorney-client privileged and work product information in order to defend themselves in this matter when a stay is available. Accordingly, this case should be stayed, pending conclusion of the USAA case.

## Conclusion

For the foregoing reasons, the Court ORDERS as follows:

1.      Defendants' motion to stay [82] is granted, and this action is stayed pending final disposition of *Paul S. Minor and Estate of Sylvia F. Minor vs. United Services Automobile Association*, Cause No. 2008-00204, pending before the Circuit Court of Jackson County, Mississippi;

2.      Defendants' motion to file their answer and counterclaim under seal [76] is found to be moot; and

3.      The parties shall promptly inform the Court of any final resolution of the USAA case, whether upon motion, settlement, or trial, and shall further file a joint notice informing the Court of the status of the USAA case on September 3, 2018, and every six months thereafter until such time as the stay is lifted in this action.

SO ORDERED, on this the 23rd day of March, 2018.


     /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE